UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                          CASE NO. 8:23-cv-307-SDM-AEP
                                                     8:21-cr-131-SDM-AEP

MICHAEL COTTONE
_____/

## ORDER

Cottone moves under 28 U.S.C. § 2255 to vacate and challenges the validity of his federal conviction for conspiracy to distribute fifty grams or more of methamphetamine, for which conviction he is imprisoned for 140 months.  Both the conviction and the sentence accord with his plea agreement.  Among other claims,[1] Cottone alleges that trial counsel rendered ineffective assistance by not appealing, specifically, by not following his directive to appeal.  In response to an earlier order (Doc. 8) to further support his claim, Cottone moves (Doc. 9) to supplement his motion to vacate with both a declaration and a supporting memorandum.  The district court accepts both papers and a later affidavit.  (Docs. 10–12)  The United States relies on an affidavit (Doc. 14) from former defense counsel to oppose the motion to vacate. Cottone replied.  (Doc. 17)

---

[1] As suggested in *McIver v. United States*, 307 F.3d 1327, 1331, n.2 (11th Cir. 2002), whether Cottone is entitled to a delayed appeal warrants resolution before resolving his other claims. As explained at the end of this order, a delayed appeal preserves Cottone's other claims for possible review in a future Section 2255 motion.

To prove his claim of ineffective assistance of counsel, Cottone must meet the test established in *Strickland v. Washington*, 466 U.S. 668 (1984), which test *Sims v. Singletary*, 155 F.3d 1297, 1305 (11th Cir. 1998), explains as follows:

> [F]irst, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense.

*Strickland* governs a claim that counsel was ineffective for not appealing. *Roe v. Flores-Ortega*, 528 U.S. 470, 476–77 (2000); *Thompson v. United States*, 481 F.3d 1297 (2007). Cottone's pleading guilty based on a plea agreement, under which he waived most of his right to appeal, does not foreclose his raising an ineffective assistance of counsel claim based on trial counsel's alleged failure to appeal. *Gomez-Diaz v. United States*, 433 F.3d 788, 793 (11th Cir. 2005).

Cottone alleges (1) that he "requested [former counsel to] file a Notice of Appeal and [counsel] assured Affiant he would[, but when he later] questioned [counsel] concerning the Appeal, [counsel] informed Affiant he could not appeal" (Doc. 10 at 2, ¶5); (2) that "on or about three days after sentencing on 2/7/22, Affiant contacted [counsel]'s office, . . . spoke to an individual who identified herself as one of counsel's secretaries and told her that he wished to speak with counsel about appealing his sentence" (Doc. 12 at 1, ¶4); (3) that "contemporaneously with that request to counsel, Affiant also spoke with his family and requested that they also contact counsel by telephone and reaffirm that Affiant wished to appeal his sentence" (Doc. 12 at 2, ¶5);

and (4) that "on 2-9-22 Affiant sent a letter to [counsel] stating that he wished to appeal his sentence, but never received a response."  (Doc. 12 at 2, ¶6)

The United States counters with an affidavit from former defense counsel, who attests (1) that "[o]n March 16, 2023, Petitioner signed and dated a notice to the court regarding his appellate rights wherein he ordered undersigned counsel to not file a notice of appeal [and o]n page one of this pleading, Petitioner initialed the section titled 'I do not wish to file a notice of appeal' [and o]n page two of this pleading, Petitioner signed and dated the pleading" (Doc. 14-1 at 2); and (2) that "counsel filed the above notice to the court regarding Petitioner's appellate rights on April 1, 2022[, and p]er the language of the notice, undersigned counsel waited for the expiration of the allowable fourteen days to file a notice of appeal, in the event Petitioner changed his mind and directed undersigned counsel to file a notice of appeal, before filing this notice with the clerk of the court."  (Doc. 14-1 at 2)

Cottone disagrees with any reliance on the "waiver," which he argues "does not conclusively foreclose that after the Waiver was signed, Defendant did not instruct Counsel to pursue an appeal [and that] sworn affidavits by Defendant support he did change his mind."  (Doc. 17 at 5–6)

A careful review of the "waiver" raises more questions than it answers.[2]  As a consequence, Cottone's allegation and his former counsel's representation are in direct conflict about whether Cottone directed counsel to appeal.

---

[2] Cottone was sentenced on Friday, February 4, 2022, and the judgment was entered the following Monday, February 7, 2022.  The fourteen-day deadline to appeal was extended to Tuesday,

(continued…)

Under these circumstances an evidentiary hearing is necessary.  *See Patel v. United States*, 252 F. App'x 970, 974 (2007)[3] (remanding to the district court "to conduct an evidentiary hearing into . . . whether Patel, in fact, requested counsel to file a direct appeal sufficient to trigger the *per se* duty to appeal set forth in *Flores-Ortega*" because "[i]n his § 2255 motion and accompanying memorandum, Patel asserted that he specifically requested his attorney to file an appeal of his sentence and conviction, but noted that counsel failed to do so and did not provide any reasons for ignoring his request").  To conduct an evidentiary hearing, an incarcerated defendant must be brought to a hearing at considerable expense to the United States Marshal,[4] to the United States Attorney, either to the Federal Defender or to private counsel appointed under the Criminal Justice Act, and to the judiciary.

As a consequence, the interest of judicial economy is best served by granting the motion but only to the extent that Cottone will have an out-of-time appeal with the assistance of appointed counsel in accord with *United States v. Phillips*, 225 F.3d 1198, 1201 (11th Cir. 2000):

> When the district courts of this circuit conclude that an out-of-time appeal in a criminal case is warranted as the remedy in a § 2255 proceeding, they should effect that remedy in the following way: (1) the criminal judgment from which the out-of-time appeal is to be permitted should be vacated;

---

February 22, 2022, under Rule 45(a)(1)(C) and (a)(6), Federal Rules of Criminal Procedure. The "wavier," in which Cottone initialed the line that he did not want to appeal, is dated March 16, 2022 — three weeks past the two week deadline to appeal — yet counsel represents that he did not file the waiver with the court for another two weeks, ostensibly because "counsel waited for the expiration of the allowable fourteen days to file a notice of appeal, in the event Petitioner changed his mind and directed undersigned counsel to file a notice of appeal . . . ." (Doc. 14-1 at 2)

[3]  "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. Rule 36–2.

[4]  Cottone is imprisoned in the Edgefield Federal Correctional Institution in South Carolina.

> (2) the same sentence should then be re-imposed; (3) upon
> re-imposition of that sentence, the defendant should be advised of
> all the rights associated with an appeal from any criminal
> sentence; and (4) the defendant should also be advised that the
> time for filing a notice of appeal from that re-imposed sentence is
> . . . dictated by Rule 4(b)(1)(A)(i).

The circuit court approves the granting of a motion to vacate without an evidentiary hearing if the district court follows *Phillips*. "A defendant does not have a right to a new sentence hearing or a right to be present when resentenced under the *Phillips* procedure." *United States v. Robinson*, 648 F. App'x 823 (11th Cir. 2016) (citing *United States v. Parrish*, 427 F.3d 1345, 1348 (11th Cir. 2005) (*per curiam*)). Allowing a belated appeal yields to the need for judicial economy (given the present peculiar state of pertinent law) and neither includes nor suggests a determination that trial counsel was ineffective.

The present motion to vacate is granted-in-part and limited to only the claim that counsel failed to appeal. Cottone's remaining issues are not lost because after his appeal Cottone can again move under Section 2255, which motion will not be barred as second or successive under Section 2255(h), as *McIver v. United States*, 307 F.3d at 1332, explains:

> [W]e hold that "an order granting a § 2255 petition, and
> reimposing sentence, resets to zero the counter of collateral attacks
> pursued." *Shepeck [v. United States]*, 150 F.3d [800,] 801 [7th Cir.
> 1998]]. A successful motion to file an out-of-time notice of appeal
> therefore does not render subsequent collateral proceedings
> "second or successive."

*See also United States v. Frank*, 353 F. App'x 305, 307 (11th Cir. 2009) ("[T]he 'best approach' is for the district court to dismiss the collateral claims without prejudice if it grants an out-of-time appeal because 'collateral claims should not be entertained while

a direct appeal is pending,' and '[o]nce the court has determined that the petitioner is entitled to a direct appeal, such an appeal is pending for all relevant policy purposes.'") (quoting *McIver*, 307 F.3d at 1332 n.2) (brackets original).

The motion (Doc. 9) to supplement is **GRANTED**.  The motion to vacate (Doc. 1), as supplemented, is **GRANTED** on Ground IV, the claim that counsel failed to appeal.  The other grounds are **DISMISSED WITHOUT PREJUDICE**.  The clerk must (1) enter a judgment for Cottone in the civil case and **CLOSE** the civil case and (2) enter a copy of this order in the criminal case and **GRANT** the motion to vacate (Doc. 81) that pends in the criminal case.  This matter is referred to the United States Magistrate Judge, who must appoint counsel in the criminal action for the purpose of appealing.  After counsel files an appearance, the court will re-impose sentence and enter a new judgment, and the newly appointed counsel must timely appeal.  All further proceedings will occur in the criminal action.

ORDERED in Tampa, Florida, on October 30, 2023.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE